# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| BRANDON MICHAEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2260-JDT-tmp |
| | ) | |
| C/O LANE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DIRECTING THAT PROCESS BE ISSUED AND SERVED

On April 20, 2015, Plaintiff Brandon Michael Johnson ("Johnson"), who is confined at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, which was opened as case number 15-2260-JDT-tmp. (ECF No. 1.) The complaint concerned an incident that occurred during Johnson's previous confinement at the West Tennessee State Penitentiary and named only one defendant. (*Id.*) After Plaintiff filed the necessary documentation (ECF No. 5), the Court issued an order on May 20, 2015, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.)

Johnson filed a second *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 21, 2015, which was opened as case number 15-2345-JDT-tmp. That complaint addressed the same incident as the prior complaint, but named two additional defendants. (ECF No.

8.) After Johnson filed a motion to proceed *in forma pauperis* (No. 15-2345, ECF No. 6), the Court granted the motion and assessed the filing fee in that case as well (*id.*, ECF No. 7).

On March 15, 2016, the Court issued an order noting that Johnson should have filed the second complaint as an amended complaint in case number 15-2260. (ECF No. 7.) Therefore, the Court directed the Clerk to docket the complaint from case number 15-2345 as an amended complaint in case number 15-2260 and close case number 15-2345. (*Id.*) The Court also set aside the fee assessment in case number 15-2345. (*Id.*) The Clerk shall record the Defendants as Correctional Officer ("C/O") First Name Unknown ("FNU") Lane; C/O FNU Jones; and Corporal ("Cpl.") FNU Ivy.

I. The Complaint and Amended Complaint

Johnson alleges that on May 11, 2014, while he was confined at the WTSP, Defendants Lane, Jones and Ivy, along with other unknown officers, came to his cell to remove his property. Prior to doing so, they took Johnson from his cell, in retraints and on camera, and placed him in the "U-2-D" passive room. After his property was removed, the three Defendants walked Johnson back to his cell, in restraints and off camera, during which time he and the Defendants engaged in a brief, heated argument. They all entered Johnson's cell, and Defendant Ivy was holding Johnson's restraint. Defendant Lane asked Johnson, "what's all that shit you was talking," and then hit Johnson in the eye, causing it to bruise and swell instantly. (ECF No. 1 at 5; ECF No. 8 at 2.) Defendants Jones and Ivy did nothing to help and refused to let Johnson see the nurse afterward. (ECF No. 8 at 2.) Additionally, after the handcuffs were removed,

Johnson's wrists were also bruised and swollen. (ECF No. 1 at 5.) Johnson seeks monetary compensation for the alleged violation of his Eighth Amendment rights. (*Id.*; ECF No. 8 at 3.)

II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Johnson*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Johnson v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting

*Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Johnson filed both his complaint and amended complaint on the court-supplied forms for actions under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Johnson complains that he was assaulted, while handcuffed, by Defendant Lane while Defendants Jones and Ivy stood by and did not intervene. For a convicted prisoner such as Plaintiff, such claims arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). Where an inmate challenges a use of force by prison guards, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam) ("The 'core judicial inquiry' [for an excessive force claim] was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm." (internal quotation marks omitted)). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992) (same).

For purposes of screening, the Court concludes that Johnson has alleged a plausible claim for excessive force in violation of the Eighth Amendment against Defendants Lane, Jones and Ivy.

"The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners . . . by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "A prisoner's right to adequate medical care 'is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'" *Id.* at 874 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *see also Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013) (same). Furthermore, the plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.

Although Johnson alleges that his eye and both wrists were bruised and swollen after the incident and that Defendants refused to let him see a nurse, he does not allege the Defendants were aware of, and disregarded, any excessive risk to Johnson's health if medical care was not provided. Therefore, Johnson has not stated a claim under the Eighth Amendment for denial of adequate medical care.

III. Conclusion

It is ORDERED that the Clerk shall issue process for the Defendants, WTSP C/O Lane, WTSP C/O Jones, and WTSP Cpl. Ivy and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Lane, Jones and Ivy pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Johnson shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants or on any unrepresented Defendant. Johnson shall make a certificate of service on every document filed. Johnson shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Johnson shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.